UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARILYN J. DECOURLEY, ) | |
| ) | |
|  Plaintiff/Counterclaim Defendant, ) | |
| ) | |
|  vs. ) | Case No. 1:07CV117 LMB |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
|  Defendant/Counterclaim Plaintiff, ) | |
| ) | |
|  vs. ) | |
| ) | |
| JASON R. MORGAN, STACEY L. ) | |
| DECOURLEY and JAMES R. ) | |
| DECOURLEY, ) | |
| ) | |
|  Counterclaim Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon plaintiff's Petition, originally filed in the Circuit Court of Butler County, Missouri, alleging a breach of insurance contract claim against Defendant The Prudential Insurance Company of America ("Prudential"). Presently pending before the court is Defendant Prudential's Motion for Entry of a Final Decree of Interpleader (Doc. No. 17), to which plaintiff has filed Objections (Doc. No. 18), and Prudential has filed a Reply (Doc. No. 20). The remaining counterclaim defendants have not responded to Prudential's motion.

**Background**

In her Petition, plaintiff alleges that she is the surviving spouse of Connie DeCourley. Plaintiff states that at the time of Connie DeCourley's death, there was in full force and effect a

life insurance policy issued by Prudential insuring the life of Connie DeCourley. Plaintiff alleges that she was the beneficiary under this policy. Plaintiff claims that she has complied with all conditions precedent in order to obtain the funds under the policy but for reasons unknown to her, Prudential has failed and refused to pay to her the policy proceeds. Plaintiff requests that the court enter judgment against Prudential for the full sum of the policy amount in addition to interest at the rate of nine percent from the date the claim was first made.

Prudential removed this action on August 2, 2007, on the basis that plaintiff's cause of action relates to an employee welfare benefit plan, as defined by ERISA, and is therefore pre-empted by ERISA. (Doc. No. 1). Prudential states that this court has original jurisdiction over this action under 29 U.S.C. §§ 1132(a)(1)(B) and 1144, and 28 U.S.C. § 1331, and that Prudential is entitled to remove the action pursuant to 28 U.S.C. §§ 1331 and 1441.

On September 6, 2007, Prudential filed its Answer and Counterclaim for Interpleader Relief Against Plaintiff Marilyn J. DeCourley and Counterclaim Against Defendants Jason R. Morgan, Stacey L. DeCourley and James R. DeCourley. (Doc. No. 7). In its Counterclaim for Interpleader Relief, Prudential states that Jason R. Morgan and James R. DeCourley are sons of Connie DeCourley and Stacey L. DeCourley is the daughter of Connie DeCourley. Prudential states that Connie DeCourley obtained coverage under the group policy of an employee welfare benefit plan sponsored by Union Pacific Corporation ("the Plan"). Prudential states that the Plan provides life insurance to its eligible employees with the benefits underwritten by a group policy issued by Prudential to Union Pacific Corporation as the policyholder ("the Group Policy"). Prudential states that Connie DeCourley obtained coverage under the Group Policy and Prudential issued a group term life insurance certificate ("Certificate") with a face value of $50,000.00. Prudential alleges that Connie DeCourley executed two beneficiary designations on

the same day, September 6, 1984. Prudential states that Connie DeCourley named Marilyn J. DeCourley, Jason R. Morgan, Stacey L. DeCourley, and James R. DeCourley as beneficiaries on the Beneficiary Designation Form and that Connie DeCourley named only Marilyn J. DeCourley as beneficiary on the Group Insurance Plans Enrollment Form.

Prudential states that Connie DeCourley died on March 7, 2007, at which time Prudential became obligated to pay the sums due under the Certificate in the amount of $50,000.00. Prudential alleges that Marilyn J. DeCourley, Jason R. Morgan, Stacey L. DeCourley, and James R. DeCourley have asserted competing claims to the proceeds of the policy. Prudential states that it claims no interest in the proceeds payable under the Certificate and is ready and willing to pay the proceeds to the person or persons entitled to it but is unable to make that determination without exposing itself to double or multiple liability. Prudential indicated that it was depositing the proceeds of the certificate in the amount of $50,000.00 plus accrued interest, if any, into the registry of the Court.

On September 14, 2007, Prudential filed an Ex Parte Motion for Leave to Deposit Funds, in which it requested leave of court to deposit the funds at issue in its counterclaim for interpleader into the registry of the court to be held by the Clerk of the Court in an interest bearing account. (Doc. No. 10). On September 17, 2007, the court granted Prudential's motion. (Doc. No. 11). Prudential deposited $52,230.79 into the registry of the court.

On November 26, 2007, Prudential filed its Motion for Entry of a Final Decree of Interpleader. (Doc. No. 17). In its motion, Prudential requests that the court issue a Final Decree of Interpleader discharging Prudential of any and all liability arising out of the Group Policy and the Certificate, Prudential having deposited its admitted, full and total liability with the Clerk of Court. Plaintiff has filed Objections to Prudential's Motion to Dismiss Party and for Entry of a

Final Decree of Interpleader, in which she argues that Prudential should be precluded from obtaining interpleader relief due to the doctrine of unclean hands and laches. (Doc. No. 18). Prudential has filed a Reply in Support of Motion for Entry of a Final Decree of Interpleader, in which it claims that the equitable principles of unclean hands and laches do not apply and that Prudential is entitled to interpleader relief.

**Discussion**

The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. See Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1307 (8th Cir. 1977); Underwriters at Lloyd's v. Nichols, 363 F.2d 357, 362 (8th Cir. 1966). Where a stakeholder is disinterested and has deposited the stake into the court registry, the court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims. Essex Ins. Co. v. McManus, 2003 WL 21693659, *1 (E.D. Mo. 2003).

Plaintiff claims that Prudential should be precluded from interpleader relief due to the equitable doctrines of unclean hands and laches. Specifically, plaintiff argues that Prudential has known since 1986 that there were multiple and conflicting beneficiary designations, yet no one contacted the deceased to explain to him he had designated both his wife and his wife together with his children as beneficiaries. Prudential contends that there is nothing in the Petition or in Prudential's counterclaim that indicate any wrongdoing by Prudential or lack of good faith in instituting an action for interpleader relief. Prudential argues that it was not even the insurer of the benefits at issue when the insured made the beneficiary designations.

Interpleader is an equitable remedy. See Home Indem. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974); Great Am. Ins. Co. v. Bank of Bellevue, 366 F.2d 289, 293 (8th Cir. 1966). The equitable doctrine that one seeking equitable relief must do equity and come into court with clean hands is applicable. See Great Am. Ins. Co., 366 F.2d at 293 (interpleader denied because of plaintiff's nondisclosure of the full amount of its surety bond).

The court finds that plaintiff has failed to allege facts to support its claim that the doctrine of unclean hands or laches applies. The undisputed facts reveal that Connie DeCourley obtained coverage under the Plan sponsored by Union Pacific Corporation. The Plan provides life insurance to its eligible employees with the benefits underwritten by a group policy issued by Prudential to Union Pacific Corporation as the policyholder. See Ex. A. Connie DeCourley executed two beneficiary designations on September 6, 1984, naming different beneficiaries on each form. See Def's Exs. B, C. Both documents bear the name of plaintiff's employer, Union Pacific Corporation, rather than Prudential. See id. Plaintiff admits that Prudential did not take over the Plan until November of 2003. There is no evidence that Prudential was aware of the beneficiary designations Connie DeCourley made with his employer in 1984. These facts do not disclose any lack of good faith on the part of Prudential in instituting this action.

Prudential has deposited the entire amount of the proceeds due under the policy into the registry of the court and asserts no claim to the proceeds. The policy proceeds are subject to adverse claims. Thus, Prudential is properly discharged.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Prudential's Motion for Entry of a Final Decree of Interpleader (Doc. No. 17) be and it is **granted**. A separate Final Decree of Interpleader will be entered on this date.

Dated this 1st day of May, 2008.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE